1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ALLEN DOBSHINSKY,

11          Plaintiff,                    No. CIV S-06-2213 WBS GGH P

12     vs.

13   HIGH DESERT STATE PRISON
     WARDEN, et al.,
14
            Defendants.                   ORDER
15   _____/

16          Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma

18   pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).[1]

20          Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $ 2.69 will be assessed by this

24   _____

25          [1] This action was transferred from the United States District Court for the Northern
     District of California and filed in this court on October 6, 2006; a duplicate of a portion of the
26   filing was also filed on October 10, 2006.

                                           1

order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

1   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

2   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

3                   Although the allegations of plaintiff's complaint are confined to less than a page,

4   plaintiff has filed exhibits to the complaint in excess of 400 pages.  Within his complaint,

5   plaintiff alleges only, naming as defendant Warden Runnels:

6                   Classification score sheet are [sic] in error (115s) Administrative
                    RVRs Rules Violation Reports are of a false nature (2) or (3) and
7                   some are inappropriately marked.  Confinements are illegal.  No
                    investigation was made in to the claims made.

8

9   Complaint, p. 17 (by court's page numbering in docket).

10                  As relief, plaintiff seeks the following:

11                  To be released, appropriately housed or confined at the right level.
                    Damages to be awarded.

12

13  Id.

14                  To the extent that plaintiff seeks release from custody altogether, he may not seek

15  relief pursuant to 42 U.S.C. § 1983, but must proceed under 28 U.S.C. § 2254.

16                  Federal law opens two main avenues to relief on complaints related
                    to imprisonment: a petition for habeas corpus, 28 U.S.C.  2254,
17                  and a complaint under the Civil Rights Act of 1871, Rev. Stat.
                    1979, as amended, 42 U.S.C.  1983.   Challenges to the validity of
18                  any confinement or to particulars affecting its duration are the
                    province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475,
19                  500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief
                    turning on circumstances of confinement may be presented in a §
20                  1983 action.

21  Muhammad v. Close, 540 U.S.749, 750, 124 S.Ct. 1303, 1304 (2004) (per curiam).

22                  § 1983 must yield to the more specific federal habeas statute with
                    its attendant procedural and exhaustion requirements, where an
23                  inmate seeks injunctive relief challenging the fact of his conviction
                    or the duration of his sentence.  See Preiser v. Rodriguez, 411 U.S.
24                  475, 489, 93 S. Ct. 1827 [] (1973).  Such claims fall within the
                    'core' of habeas corpus and are thus not cognizable when brought
25                  pursuant to § 1983.  Ibid.  By contrast constitutional claims that
                    merely challenge the conditions of a prisoner's confinement,
26                  whether the inmate seeks monetary or injunctive relief, fall outside

3

of that core and may be brought pursuant to § 1983 in the first instance.  See Muhammad v. Close, 540 U.S.749 , 750, 124 S.Ct. 1303, 1304 [] (2004) (per curiam); Preiser, supra, at 498-499, 93 S. Ct. 1827.

Nelson v. Campbell, 541U.S. 637, 124 S. Ct. 2117, 2122 (2004).

To the extent that plaintiff seeks money damages and seeks injunctive relief that does not implicate the duration of his sentence, plaintiff's filing is wholly violative of Fed. R. Civ. P. R. 8.   Fed. R. Civ. P 8 sets forth general rules of pleading in the federal courts. Complaints are required to set a forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  The complaint does not adequately meet these requirements.  All that is required are sufficient allegations to put defendants fairly on notice of the claims against them. See Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957);  5 C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed. 1990).  Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991)).  Accord Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of  Rule 8.)

It is not the court's function to review the excessive number of exhibits plaintiff has filed in order to fashion plaintiff's allegations for him.  Rather, in order to be in compliance with Rule 8(a)(2) of the Federal Rules of Civil Procedure, plaintiff must set forth the specific acts of a defendant that violated plaintiff's rights within the allegations of his complaint.   Hutchinson v. United States, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).  As plaintiff fails to state a claim upon which relief may be granted as to any defendant, the complaint will be dismissed but plaintiff will be granted leave to amend within thirty days.  **Plaintiff is, however, cautioned that his amended complaint must contain no more than 25 pages, including exhibits.**

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

there is some affirmative link or connection between a defendant's actions and the claimed

deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board

of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

            In addition, plaintiff is informed that the court cannot refer to a prior pleading in

order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

amended complaint be complete in itself without reference to any prior pleading.  This is

because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

original complaint, each claim and the involvement of each defendant must be sufficiently

alleged.

            In accordance with the above, IT IS HEREBY ORDERED that:

            1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

            2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

Plaintiff is assessed an initial partial filing fee of $ 2.69.  All fees shall be collected and paid in

accordance with this court's order to the Director of the California Department of Corrections

and Rehabilitation filed concurrently herewith.

\\\\\

\\\\\

\\\\\

\\\\\

1        3.  The complaint is dismissed for the reasons discussed above, with leave to file

2   an amended complaint, consisting of no more than 25 pages, including exhibits, within thirty

3   days from the date of service of this order.  Failure to file an amended complaint in compliance

4   with this order will result in a recommendation that the action be dismissed.

5   DATED: 11/7/06

                                        /s/ Gregory G. Hollows
6
                                        _____
7                                       GREGORY G. HOLLOWS
                                        UNITED STATES MAGISTRATE JUDGE
8   GGH:009
    dobs2213.b
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26