IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALLEN DOBSHINSKY,

    Plaintiff,                    No. CIV S-06-2213 WBS GGH P

    vs.

HIGH DESERT STATE PRISON
WARDEN, et al.,

    Defendants.             ORDER

/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. By order, filed on November 8, 2006, plaintiff's complaint was dismissed with leave to amend. Plaintiff filed an amended complaint.

        As plaintiff has previously been informed, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1

(9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff's prior complaint, with scanty allegations of less than a page but exhibits in excess of 400 pages, was dismissed, inter alia, as violative of Fed. R. Civ. P. R. 8. The court will not reiterate all of the requirements of Rule 8, nor will the court again set forth when it is appropriate to proceed with a petition for a writ of habeas corpus, under 28 U.S.C. § 2254, and when an action under 42 U.S.C. § 1983 is the proper vehicle for relief. However, although plaintiff appears to have attempted to remedy the defects of his original complaint, he has not yet set forth, in compliance with Rule 8, "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991)). Accord Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8.)

Plaintiff specifically names only Dave Runnels, Warden of High Desert State Prison, as a defendant. Amended Complaint (AC), p. 2. As to additional defendants, he

provides only descriptions or job titles in the beginning of his amended complaint: "staff" or "Counselors, CCI and CCII; Director, Inmate Appeals representative."  AC, pp. 1-2.

Plaintiff begins by referencing an "RVR administrative," by which the court infers that plaintiff refers to a prison disciplinary hearing arising from a serious rules violation report that he received, wherein there was a four point increase at PVSP (Pleasant Valley State Prison) in his classification score (61 instead of 57) that was an alleged error about which he filed appeals.  AC, p. 4.  He appears to have brought another case regarding his allegations against PVSP defendants, CIV S-06-1285 OWW DLB.  Id.

Plaintiff then sets forth a confusing array facts that he brought to the attention of the counselor at PVSP, concerning the number of points that were deducted as opposed to what should have been deducted, evidently, but not clearly leading to a higher custody level than that to which plaintiff believes he was entitled.  Id.

Plaintiff names several individuals involved in the inmate appeal process at HDSP where he attempted to correct the point calculations.  AC, p. 5.  He claims that Sader, whom he apparently intends to name as a defendant, at the informal level did not initiate an investigation at the beginning of his "new term"; he states that at the first level appeal interview, another individual, named Vanderville, whom plaintiff probably intends to be designated a defendant as well, tried to convince plaintiff that his classification scores had no errors.  Id.   Afterward, the unnamed associate warden incorrectly, in a second level appeal response, indicated that the scores were accurate and finally, N. Grannis, at the third level, another individual not clearly identified as a defendant, gave a similar appeal response.  Id.

Plaintiff then sets forth a series of score calculations for the years 2001 to 2006, attempting to demonstrate calculation errors but in far too incoherent a manner for the court, or putative defendants, to be able to discern precisely what he is attempting to show.  He throws in comments such as "excessive force," "false report filing by peace officer," "committed transfer requested again," without making at all clear what he is trying to say.  Id.  Plaintiff then goes to

3

1  to assert that the failure of prison officials to calculate his classification score properly was a
2  violation of his due process rights, that he has a constitutional right to be placed at the correct
3  custody level, that having the wrong classification subjects him to cruel and unusual punishment
4  and denies him equal protection as well; however, he sets forth no specifics whatever to support
5  such allegations as to his alleged mis-classification.

6  With regard to plaintiff's allegations that he was denied due process in the prison
7  administrative grievance process, prisoners do not have a "separate constitutional entitlement to a
8  specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003),
9  citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Even the non-existence of, or the
10 failure of prison officials to properly implement, an administrative appeals process within the
11 prison system does not raise constitutional concerns. Mann v. Adams, 855 F.2d 639, 640 (9th
12 Cir. 1988). See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932
13 F.2d 728 (8th Cir. 1991). Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D.Ill. 1982) ("[A prison]
14 grievance procedure is a procedural right only, it does not confer any substantive right upon the
15 inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural
16 protections envisioned by the fourteenth amendment"). Specifically, a failure to process a
17 grievance does not state a constitutional violation. Buckley, supra. State regulations give rise to
18 a liberty interest protected by the Due Process Clause of the federal constitution only if those
19 regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on
20 the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472,
21 484, 115 S. Ct. 2293, 2300 (1995).[1] Plaintiff's due process claims with regard to the inmate

---

[1] "[W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek v. Jones, 445 U.S. 480, 493, 100 S.Ct.1254, 1263-1264 (transfer to mental hospital), and Washington, 494 U.S. 210, 221- 222, 110 S.Ct. 1028, 1036-1037 (involuntary administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the

grievance procedure will be dismissed but plaintiff will be granted one further opportunity to amend.

As to his claims arising from alleged classification errors, in general, prison officials' housing and classification decisions do not give rise to federal constitutional claims encompassed by the protection of liberty and property guaranteed by the Fifth and Fourteenth Amendments. See Board of Regents v. Roth, 408 U.S. 564, 569, 92 S. Ct. 2701 (1972). Nor does the Constitution guarantee a prisoner placement in a particular prison or protect an inmate against being transferred from one institution to another. Meachum v. Fano, 427 U.S. 215, 223-225, 96 S. Ct. 2532, 2358 (1976). See Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir.1985) (prison authorities may change a prisoner's "place of confinement even though the degree of confinement may be different and prison life may be more disagreeable in one institution than in another" without violating the prisoner's due process rights). Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007) (classification at a level IV versus level III custody prison does not show "atypical and significant hardship," per Sandin, supra; nor is there a showing that the classification will affect the duration of plaintiff's sentence). Moreover, alleged improper classification "'does not amount to an infliction of pain," such that it "'is not condemned by the Eighth Amendment.'" Myron, supra, at 719, citing Hoptowit v. Ray, 682 F.2d 1237, 1251 (9th Cir. 1982). Plaintiff's claims regarding constitutional violations due to the allegedly erroneous calculation of his classification score will be dismissed. Plaintiff will be granted one further opportunity to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless

---

ordinary incidents of prison life." Sandin v. Conner, supra.

there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff' second amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, due to the excessive number of exhibits filed with his original complaint, plaintiff will again be limited in the filing of a further amended complaint to no more than 25 pages including exhibits.

Accordingly, IT IS HEREBY ORDERED that the amended complaint is dismissed for the reasons discussed above, with leave to file a second amended complaint, consisting of no more than 25 pages, including exhibits, within thirty days from the date of service of this order.  Failure to file a second amended complaint in compliance with this order will result in a recommendation that the action be dismissed.

DATED: 4/20/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
dobs2213.b2