IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALLEN DOBSHINSKY,

    Plaintiff,                    No. CIV S-06-2213 WBS GGH P

    vs.

HIGH DESERT STATE PRISON
WARDEN, et al.,                   ORDER &amp;

    Defendants.            FINDINGS AND RECOMMENDATIONS

/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. By order, filed on November 8, 2006, plaintiff's complaint, consisting of scanty allegations of less than a page but exhibits in excess of 400 pages, was dismissed with leave to amend, as violative of Fed. R. Civ. P. R. 8. Upon plaintiff's filing of an amended complaint, it, too, was dismissed for reasons the court will not herein recapitulate but which demonstrated that plaintiff was continuing to fail to set forth any colorable allegation. In dismissing the amended complaint with leave to amend, plaintiff was cautioned that he was being granted "one further opportunity to amend." Order, filed on April 20, 2007, p. 5.

        Plaintiff has filed a second amended complaint. As plaintiff has been repeatedly informed, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
2  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
3  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
4         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
5  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
6  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
7  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
8  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
9  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
10 Cir. 1989); Franklin, 745 F.2d at 1227.
11        A complaint must contain more than a "formulaic recitation of the elements of a
12 cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
13 speculative level."  Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007).
14 "The pleading must contain something more...than...a statement of facts that merely creates a
15 suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal
16 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  In reviewing a complaint under this
17 standard, the court must accept as true the allegations of the complaint in question, Hospital
18 Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light
19 most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v.
20 McKeithen, 395 U.S. 411, 421 (1969).
21        Plaintiff appears to have named more than 40 individuals as defendants in an
22 almost completely haphazard or random fashion.  Second Amended Complaint (SAC), pp. 1-6.
23        Under "Statement of Claim" second amended complaint in this action seeking
24 money damages, plaintiff sets forth, in full, the following:
25        Counselor Hefly [sp?] - Proceed [sic] a calculation error of
       Classification Score - of 2002, Counselor Backer - Proceeded [sic]
26        a ca[l]culation error of Classification Score & denied Reviewing

1  such - S.L. Chapman - Correctional Lieutenant of Assaulting
2  Officers. Excessive force thru MTA Sella - beginning 2003. Dave
   Runnels Warden one of several Chairpersons - violation of mailing
3  procedures unlawful detainment ad-seg & deprivation of Exercise[]
   Yard - Middle & End of 2003 refer to RVR FD-04-02-0012 for
4  names - was not be [sic] a RVR issued - Beginning of 2004;
   Counselor Beckman - notified of Classification Score were [sic] of
5  error nothing was done - Middle of 2004, Nuchols Correctional
   Ofice for the lack of Lieutenants [illegible] - was not to be RVR &
6  False Filing of other RVR - End of 2004, Counselor Sader - Final
   attend to Classification

7  SAC, p. 6.

8  Other than setting forth the names and ranks of his plethora of defendants and
9  attaching exhibits in the form of, for example, a Director's level appeal decision, dated Oct. 26,
10 2006, addressing plaintiff's grievance concerning having received a Serious Rules Violation
11 Report for refusing a cellmate. SAC, p. 8-9. Plaintiff therein apparently asserted that while the
12 administration found him to be Level IV, he believed he should be Level I. Id., at 8. He includes
13 various other exhibits that appear to have little connection, although he does include two copies
14 of a "CDC Reclassification Score Sheet," one for May of 2005 and one for May of 2006, without
15 clarifying the significance of same. SAC, pp. 19-20.

16 For a third time, plaintiff violates Rule 8 of the Federal Rules of Civil
17 Procedure. Rule 8, as plaintiff has been informed no less than twice before, requires sufficient
18 allegations to put defendants fairly on notice of the claims against them. See Conley v. Gibson,
19 355 U.S. 41, 47, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957); 5 C. Wright & A. Miller, Federal
20 Practice and Procedure § 1202 (2d ed. 1990); Richmond v. Nationwide Cassel L.P., 52 F.3d 640,
21 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the
22 notice requirement of Rule 8.).

23 Even if plaintiff had set forth his claims in a discernible fashion, it appears that he
24 would have been, at best, trying to string together a litany of unrelated claims. In attempting to
25 assert multiple unrelated claims against different defendants, plaintiff presents the kind of
26 "mishmash of a complaint" that has been roundly repudiated. George v. Smith, 507 F.3d 605,

607 (7th Cir. 2007)("[u]nrelated claims against different defendants belong in different suits").

After three attempts, plaintiff has altogether failed to set forth even remotely colorable (or even coherent) allegations. Liberality in granting a plaintiff leave to amend "is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile." Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 799 (9th Cir. 2001), quoting Bowles v. Reade, 198 F.3d 752, 757 (9th Cir.1999). "Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000). See also, Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004), citing Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts."). In this case, the court can discern no manner in which permitting plaintiff additional time could cure the defects of his allegations. This appears to be one of those relatively rare cases when to grant plaintiff further leave to amend would be patently futile.

"Motion to Compel"

Plaintiff purports to have brought a motion to compel discovery, which in no way conforms to the requirements of such a motion. He speaks of having made efforts to settle this matter, even though this court has never found his complaint, or any amended complaint plaintiff has filed in this case, appropriate for service. Motion, p. 1. He refers to High Desert State Prison staff being "reluctant" to assist him in unidentified documentation that he wishes to use as an exhibit. Id. at 1-2. In his 46-page motion, plaintiff sets forth in a disorganized fashion, inter alia, the legal standards, at least in part, for an Eighth Amendment violation and writes of, apparently wholly unrelated, state regulations. Nothing in plaintiff's extended and disjointed "motion to compel" even faintly resembles a viable discovery motion. Assuming plaintiff were proceeding

4

on colorable allegations, which he plainly is not, he has not identified the putative defendants, nor indicated he has served any actual discovery requests, much less pointed to responses to which he objects and the basis therefore. This motion must be denied as wholly defective.

Accordingly, IT IS HEREBY ORDERED that plaintiff's putative motion to compel, filed on June 4, 2007 (# 18), is denied as both defective and inapposite.

IT IS RECOMMENDED that plaintiff's amended complaint, filed on June 4, 2007 (# 19), be dismissed with prejudice and this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 03/12/08                           /s/ Gregory G. Hollows

                                          GREGORY G. HOLLOWS
                                          UNITED STATES MAGISTRATE JUDGE

GGH:009
dobs2213.ofr